IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRIAN K. HAMILTON,

                Plaintiff,           Case No. 3:08 CV 2601

    -vs-

                                         MEMORANDUM OPINION

CSX TRANSPORTATION, INC.,

                Defendant.

KATZ, J.

This matter is before the Court on the motion of Defendant CSX Transportation, Inc. ("CSXT") for summary judgment on Plaintiff Brian Hamilton's claim under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§51-60. (Doc. 22). For the reasons that follow, CSXT's motion will be denied.

**I. Background**

Plaintiff Brian K. Hamilton alleges that he was injured on April 24, 2007 while lifting and carrying kegs of spikes that weighed 100 lbs. onto the back of a spiker, a machine used to hydraulically drive spikes through railroad ties. At the time he lifted the kegs, a foreman was overseeing the job site at which Plaintiff was working, as were other employees. He carried the first keg without incident, but injured his back when carrying the second keg. Although he was in pain, he finished his shift. Plaintiff reported his injury on April 26, 2007. He was diagnosed as sustaining a herniated disc in his back, and required surgery. Plaintiff claims that his injury was caused by CSXT's negligent failure to provide him with adequate assistance and oversight to safely perform his duties, and that CSXT thus breached the duty it owed him under FELA.

**II. Standard of Review**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2541, 91 L. Ed. 2d 202 (1986) (*quoting* Fed. R. Civ. P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553; *see also Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2552.

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,'" *Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore, "[t]he Court is not required or permitted . . . to judge the evidence or make findings of fact."
*Williams*, 154 F. Supp. 2d at 1071. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999).

A FELA claim requires proof of the familiar elements of common-law negligence: duty, breach, foreseeability, and damages. The Supreme Court has announced a relaxed standard for establishing causation in cases under FELA, however:

> Under [FELA] the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes, including the employee's contributory negligence. Judicial appraisal of the proofs to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death. Judges are to fix their sights primarily to make that appraisal and, if that test is met, are bound to find that a case for the jury is made out whether or not the evidence allows the jury a choice of other probabilities. The statute expressly imposes liability upon the employer to pay damages for injury or death due 'in whole or in part' to its negligence.

*Rogers v. Missouri Pacific Railroad Co.*, 352 U.S. 500, 506-507 (1957). As the Sixth Circuit has interpreted this standard, "the role of the jury is significantly greater in FELA cases than in common law negligence actions." *Richards v. Consolidated Rail Corp.*, 330 F.3d 428, 434. Thus, "*Rogers*

requires a plaintiff alleging a FELA violation to offer 'more than a scintilla of evidence in order to create a jury question on the issue of employer liability, but not much more.'" *Id*. (quoting *Aparicio v. Norfolk & W. Ry. Co.*, 84 F.3d 803, 810 (6th Cir.1996)); cf. *Norfolk Southern Ry. Co. v. Sorrell*, 549 U.S. 158, 178 (2007) (Ginsburg, J., concurring in the judgment) ("Today's opinion leaves in place precedent solidly establishing that the causation standard in FELA actions is more 'relaxed' than in tort litigation generally.").

**III. Discussion**

In moving for summary judgment, CSXT makes essentially two arguments: first, that Plaintiff freely chose to move the kegs without requesting assistance; and second, that Plaintiff's injury was unforeseeable as a matter of law.

Under FELA, employers like Defendant have a duty to provide its employees with a safe working environment, which may include taking precautions to protect employees from possible harm. A FELA defendant may be liable for failing to provide a safe workplace "when it knew or should have known of a potential hazard in the workplace, yet fails to exercise reasonable care to protect its employees." *Syverson v. Consolidated Rail Corp.*, 19 F.3d 824, 826 (2d Cir. 1994). Furthermore, foreseeability under FELA does not require actual notice of an unsafe working condition; constructive notice will suffice. *Green v. River Terminal Ry. Co.*, 763 F.2d 805, 808 (6th Cir. 1985).

In the present case, the deposition testimony of Durrell Johnson, Plaintiff's supervisor at the site, as well as that of Desi Dean, a track engineer and safety director at CSXT at the time, could reasonably be interpreted as establishing that CSXT was negligent in allowing Plaintiff to attempt to lift the kegs by himself. Their testimony suggests that mechanical assistance in carrying the kegs was readily available to Plaintiff at the time; that CSXT understood the risk in having individual

employees lift 100 lb. kegs; that the section foreman was responsible for providing Plaintiff with access to mechanical assistance in completing his task; and that the foreman failed to do so, instead allowing Plaintiff to lift the keg himself. Plaintiff has submitted ample evidence that his injury was the foreseeable result of his foreman's negligent failure to properly supervise Plaintiff's work conditions, and that CSXT thus breached its duty to Plaintiff to provide a safe working environment.

Furthermore, CSXT's first argument, though not presented as an "assumption of the risk" defense, functions in much the same way at the summary judgment stage: CSXT did not act negligently as a matter of law, because, in choosing to move the keg without asking for assistance, Plaintiff assumed the risk of doing so. But it has long been settled that assumption of the risk is not a defense in FELA cases, see 45 U.S.C. § 54, and the Supreme Court has made it clear that "every vestige" of the doctrine has been eliminated. *Tiller v. Atlantic Coast Line R. Co.*, 318 U.S. 54, 58 (1943). It would not be appropriate, then, for this Court to grant summary judgment on CSXT's first argument in view of *Tiller*.

**IV. Conclusion**

For these reasons, then, CSXT's motion for summary judgment (Doc. 22) is denied.

IT IS SO ORDERED.

   s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE